**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANA LOSCHIAVO, et al., : | CIVIL ACTION NO. 12-1788 (MLC) |
| Plaintiffs, : | **O P I N I O N** |
| v. : |  |
| NEXUS PROPERTIES, INC., et al., : |  |
| Defendants. : |  |

**THE PLAINTIFFS** brought this action on March 23, 2012, to recover damages for personal injuries against the defendants, Nexus Properties, Inc. ("NPI") and Nexus Parking Systems ("NPS"), and assert jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.)  The Court will dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** have failed to allege their own citizenship. (See Compl. at 1 (merely alleging where they are "residing").) See Bell v. Pleasantville Hous. Auth., 443 Fed.Appx. 731, 734-35 (3d Cir. 2011); McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).

**THE PLAINTIFFS** present muddled allegations as to the citizenship of NPI and NPS (see Compl. at 1-2), and thus fail to allege citizenship "affirmatively and distinctly".  S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).  In federal

court, the plaintiffs must specifically allege a defendant's nature of organization — e.g., corporation, unincorporated association — and refrain from listing any fictional entities.

**THE PLAINTIFFS** have failed to show that they are deemed to be citizens of a different state in relation to each defendant. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each party.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).  Thus, the plaintiffs must demonstrate (1) their own citizenship as it existed on March 23,

2012, (2) the nature of organization and citizenship of both NPI and NPS in existence on March 23, 2012, with supporting documentation, i.e., certificates of organization, lists of all non-managing and non-individual members of unincorporated associations, and affidavits from those with knowledge of the organizational structures, and (3) that there is jurisdiction under Section 1332.  If a defendant is an unincorporated association, e.g., a partnership or a limited liability company, then the plaintiffs should properly assert that defendant's citizenship.  See generally Carden v. Arkoma Assocs., 494 U.S. 185 (1990); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412 (3d Cir. 2010); Swiger v. Allegheny Energy, 540 F.3d 179 (3d Cir. 2008).  If a defendant is a corporation, then the plaintiffs must demonstrate the state in which it is incorporated and has "its" principal place of business.  28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185-86, 1192-93 (2010); Brooks-McCollum v. State Farm Ins. Co., 376 Fed.Appx. 217, 219 (3d Cir. 2010).  The Court advises the plaintiffs that they must specifically assert citizenship as it existed on March 23, 2012.

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court advises the plaintiffs that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not

properly invoke the Court's jurisdiction.  See McCracken, 335 Fed.Appx. at 162-63.  The Court advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than California"), or a request for time to discern jurisdiction or a defendant's organizational nature will be rejected, as the plaintiffs should have ascertained citizenship and jurisdiction before choosing to bring an action in federal court.  See Freedman, 180 Fed.Appx. at 320; Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).[1]

**THE COURT** will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: March 28, 2012

---

[1] See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section 1332 jurisdiction allegation violates Federal Rule of Civil Procedure 11); see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (same).